**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-51086

THORNTON, SUMMERS, BIECHLIN, DUNHAM & BROWN, INC.,

Plaintiff-Appellee,

versus

COOK PAINT & VARNISH, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 97-CV-51086

May 18, 1999

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cook Paint & Varnish, Inc. ("Cook Paint") appeals the trial court's admission of evidence and denial of its motion for a new trial. We AFFIRM.

Thornton, Summers, Biechlin, Dunham & Brown, Inc. ("Thornton Summers") sued Cook Paint in federal court for unpaid attorney's fees. Cook Paint counterclaimed with a legal malpractice claim, alleging, *inter alia*, that Thornton Summers had failed to (1) investigate Cook Paint's insurance coverage, (2) evaluate Cook Paint's potential liability, and (3) explore pretrial settlement and settle within Cook Paint's policy limits. After adjudication of dispositive motions and an appeal before this court, see Thornton, Summers, Biechlin, Dunham & Brown, Inc. v. Cook Paint & Varnish, 82 F.3d 114 (5th Cir. 1996), the matter proceeded to a jury trial. Judgment was entered in favor of Thornton Summers.[2] Cook Paint now appeals.

On appeal, Cook Paint argues that the district court erred as a matter of law when it ruled that Cook

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]Although Thornton Summers initially filed this action, the district court realigned the parties such that Cook Paint was the plaintiff and Thornton Summers was the defendant.

Paint could not claim--as an element of damages--payments made by its insurers to Allied Tank; admitted evidence of Cook Paint's insurance settlement payments to Allied Tank; and admitted evidence of a settlement with insurance brokers. By admitting this evidence, Cook Paint argues that the district court violated the collateral source rule and Rule 408 of the Federal Rules of Evidence. Additionally, Cook Paint contends that the district court erred by failing to grant its motion for a new trial. Cook Paint avers that uncontroverted evidence presented at trial indicated that Thornton Summers committed malpractice.

Thornton Summers explains that evidence regarding the amounts of money actually paid and the amount of money which allegedly should have been paid by the insurers and by Cook Paint was relevant to the object and focus of the entire legal malpractice claim. Accordingly, the district court properly admitted the evidence. Moreover, Thornton Summers contends that the evidence of settlement was admissible to correct the misleading impression Cook Paint sought to create by arguing that a previous judgment forced it out of business and caused significant consequential damages. Thornton Paint further argues that no "collateral source" issue was presented and that Cook Paint mooted the entire issue.

We have reviewed the judgment below, the briefs, the record and controlling law. Our adjudication of this matter has also been enhanced by oral argument. Based on the foregoing, we agree with the district court and adopt its resolution and analysis as our own.

AFFIRMED.